IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:98CR304

JOHN E. OLIVER

## MEMORANDUM OPINION

John E. Oliver, by counsel, filed this 28 U.S.C. § 2255 Motion seeking relief based upon Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 70.) Specifically, Oliver contends that, in light of Johnson, he was improperly sentenced as an Armed Career Criminal. The Government has responded and agrees with Oliver that his § 2255 Motion should be granted and that the Court should enter an amended judgment reducing his sentence that was based upon the Armed Career Criminal Act ("ACCA"). Oliver agrees that this is the appropriate disposition. (ECF No. 79, at 1.) For the reasons that follow, the § 2255 Motion (ECF No. 70) will be granted and an amended judgment shall issue.

After a jury trial, Oliver was convicted of three counts of possession of a firearm by a convicted felon (Counts One, Three, and Four), one count of possession of a firearm with a silencer (Count Seven), one count of possession of a sawed-off shotgun (Count Nine), one count of possession of explosives by a convicted felon (Count Thirteen), and one count of possession of

an unregistered firearm (Count Fifteen). (See J. 1-2.) The Court sentenced Oliver to a total term of 294 months of incarceration, comprised of 294 months on each of Counts One, Three, and Four to run concurrently, and 120 months on each of Counts Seven, Nine, Thirteen and Fifteen to run concurrently. (See id. at 3.)

As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citation omitted). At sentencing, it was determined that Oliver had five prior convictions that qualified as serious drug offenses or violent felonies. These charges included: two Virginia burglary convictions (Presentence Report ("PSR") ¶ 23); a Virginia conviction for shooting into an occupied building (PSR ¶ 24); a Virginia attempted robbery conviction (id.); and a New Jersey conviction for possession of cocaine with the intent to distribute (id. ¶ 25). Pursuant to ACCA and the Armed Career Criminal provision of United States Sentencing Guidelines, the Court sentenced Oliver to 294 months of imprisonment on each of the possession

2

of a firearm by a convicted felon counts, Counts One, Three, and Four. (J. 3.)

ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." <u>Johnson</u>, 135 S. Ct. at 2556. In <u>Johnson</u>, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. <u>Id.</u> at 2557.

Oliver argues as follows:

> The Supreme Court held in <u>Johnson</u> that the residual clause referenced above was unconstitutionally void for vagueness in all applications. Therefore, a prior offense can now only qualify as a "violent felony" if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or satisfies the force clause. Mr. Oliver's prior convictions for burglary, shooting into an occupied dwelling, and attempted robbery do not qualify under the enumerated offenses clause because they are not generic burglary, arson, or extortion, and do not involve the use of explosives. They also do not qualify as violent felonies under the force clause. Thus, Mr. Oliver no longer has three qualifying prior convictions and is no longer an armed career criminal.

(§ 2255 Mot. 6-7, ECF No. 70.)

Oliver notes that: "Mr. Oliver was convicted of shooting into an occupied dwelling, in violation of Va. Code § 18.2-279. . . . This crime does not qualify as a violent felony because . . . the offense may be completed without any use of force." (Id. at 13.) Oliver also asserts that attempted robbery does not qualify as a violent felony under the force clause because the Virginia statute "can be violated solely through intimidation, [thus] it does not have the element of violent force necessary to qualify as a violent felony." (Id. at 17.)

In its first Response to the § 2255 Motion, the Government conceded "that the Virginia conviction for shooting into an occupied dwelling is no longer an adequate ACCA predicate post-Johnson. (Gov't's Resp. 6, ECF No. 73 (citation omitted).) The Government initially argued that the Virginia burglary convictions remained valid predicate violent felonies (id. at 7-14), and did not address whether attempted robbery was a valid predicate felony because it would not be dispositive of whether Oliver qualified for the enhanced sentence (see id. at 15).

In light of recent decisions issued by the United States Court of Appeals for the Fourth Circuit, see United States v. Winston, 850 F.3d 677, 679 (4th Cir. 2017); Castendet-Lewis v. Sessions, 855 F.3d 253, 264 (4th Cir. 2017), by Memorandum Order entered on May 31, 2017, the Court directed the Government to

4

file a further response to the § 2255 Motion within fourteen (14) days of the date of entry thereof, that addressed the above cited cases. In its second Response, the Government explains:

> Because (1) Oliver concedes that his New Jersey drug conviction counts for ACCA purposes; and (2) the Government concedes that Oliver's conviction for shooting into an occupied dwelling does not count for ACCA purposes, in order for Oliver to be ACCA-eligible, two of his remaining three convictions must be ACCA predicates.
> The Government agrees that the Fourth Circuit's holding in Castendet forecloses Oliver's two burglary convictions from being ACCA predicates. Accordingly, the Government does not object to Oliver's requested relief in his § 2255 motion in this case, namely vacatur of his 294-month sentence in this 1998 case and entry of a new judgment reducing his sentence on Counts One, Three, and Four to 120 months' imprisonment.[1] No resentencing is needed—issuance of an amended judgment will suffice. See United States v. Hadden, 475 F.3d 652, 669 (4th Cir. 2007) ("The text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing] hearing . . . .").

(Sec. Resp. at 3-4, ECF No. 77.)

In Oliver's Reply, he agrees that the disposition suggested by the Government is appropriate and "move[s] the Court to issue an amended judgment without a resentencing hearing," that reduces Oliver's sentences on Counts One, Three, and Four to 120 months of incarceration. (ECF No. 79, at 1.)

In light of the foregoing circumstances, Oliver's § 2255 Motion (ECF No. 70) will be granted. The Court will issue an

---

[1] Oliver's sentences on Counts Seven, Nine, Thirteen, and Fifteen (all 120 months' imprisonment, running concurrently) should be unaffected.

amended judgment that reduces Oliver's sentences to 120 months on Counts One, Three, and Four to run concurrently with Oliver's unaffected sentences.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

                                            /s/    REP
                                Robert E. Payne
                                Senior United States District Judge

Date: September 12, 2017
Richmond, Virginia